U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 9 2015

TONY R. MOORE, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILLIE B. SHARP, JR.           DOCKET NO. 15-CV-2636; SEC. P
(#47997-018)

VERSUS                         JUDGE TRIMBLE

WARDEN                         MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Willie B. Sharp, Jr., filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a prisoner in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the BOP's denial of his request for placement in a Residential Reentry Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual and Procedural History*

Petitioner is serving a one hundred eighty (180) month sentence for his conviction under 18 U.S.C. §922(g)(1), Felon in Possession of a Firearm, imposed in the United States District Court for the Middle District of Florida. [8:05-cr-39, M.D.Fla.]

Petitioner alleges, that on April 28, 2015, he requested placement in a Residential Reentry Center pursuant to 18 U.S.C. §3621(b). He states that his request was denied indicating that Petitioner's unit team would review all factors of the Second

Chance Act and utilize the five criteria for Residential Reentry Center placement within 17 to 19 months of Petitioner's scheduled release. [Doc. #1, p.5, 18] Petitioner sought informal resolution, and received a response on May 15, 2015. Again, the denial stated that Petitioner would be reviewed for placement 17 to 19 months from release. [Doc. #1, p.5] On June 3, 2015, Petitioner received a denial of his BP-9 grievance, and his request was denied at the regional level in June. On July 6, 2015, Petitioner sought review from the Central Office, but received no response.

Petitioner claims that on September 1, 2015, his unit team refused to consider him for placement in the Residential Reentry Center.

### Law and Analysis

The Second Chance Act of 2007 amended 18 U.S.C. §3624(c) to increase possible placement in a residential reentry center to a period of no more than twelve months prior to the prisoner's projected release date. The amendment also requires the Bureau of Prisons to assess prisoners for placement on an individual basis consistent with the five factors set forth in 18 U.S.C. §3621(b). The duration of residential reentry placement "is a matter as to which the [Bureau of Prisons] retains discretionary authority," and "nothing in the Second Chance Act or §3621(b) entitles [petitioner] or any other prisoner to guaranteed placement in a residential reentry center." Creager v. Chapman, No. 4:09-CV-713-A, 2010 WL

2

1062610, at *3 (N.D.Tex. Mar.22, 2010) (citing various cases). Both the statute and the regulations instruct the Bureau to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis." See 28 U.S.C.A. §3624(c)(6); 28 C.F.R. §570.22. The Bureau also adjusted Policy Statement 7310.04 to state that residential reentry center needs "can usually be accommodated by a placement of six months or less, and that placement in [a residential reentry center] for more than six months must be approved in writing by a regional director of the [Bureau]." See Miller v. Whitehead, 527 F.3d 752, 757 n. 4 (8th Cir. 2008).

In a petition filed pursuant to 28 U.S.C. §2241, the petitioner bears the burden to plead and prove that he or she is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. §2241(c). First, nothing in the Second Chance Act or §3621(b) entitles Petitioner or any other prisoner to any guaranteed placement in a residential reentry center. See, e.g., Jones v. Pearson, 2009 WL 5217022 (S.D.Miss. Dec.29, 2009); Wilson v. Keffer, 2009 WL 1230020 (W.D.La. May 5, 2009); Reid v. Dewalt, 2009 WL 383404 (E.D.Ky. Feb.11, 2009). Thus, Petitioner has no liberty interest in participation in the reentry program. Second, Petitioner's anticipated release date is October 15, 2018, which is approximately 34 months away. Therefore, he is not within the 17 to 19 months time frame of his anticipated release date. The grievance

responses indicate that Petitioner will be considered for reentry center placement when he gets to the appropriate time frame for evaluation.

Because Petitioner cannot show that his custody is in violation of the Constitution or laws of the United States, his petition should be denied and dismissed.

### *Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing §2254 Cases in the U.S. District Courts, which is applicable to §2241 petitions under Rule 1(b). According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Such is the case in the captioned matter. Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of December, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE